# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Shana L. and Jason C.,**
**Petitioners**

**vs.)  No. 18-0988** (Upshur County 18-C-AP-1)

**Carissa M.,**
**Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Shana L. ("Ms. L.") and Jason C. ("Mr. C."), by counsel Daniel C. Cooper and Jamison H. Cooper, appeal the order of the Circuit Court of Upshur County, entered on October 9, 2018, ordering the euthanization of petitioners' dog. Respondent Carissa M. ("Ms. M.") appears by counsel Jason T. Gain.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. M.'s daughter ("the child") required surgical treatment after she was attacked by Ms. L.'s and Mr. C.'s ("the dog owners'") dogs while Ms. M. and the child were guests in the dog owners' home. The parties entered into a settlement agreement and the child's parents, on their behalf and hers, executed a release in December of 2017 that precludes the child or her parents from pursuing "further additional claims" arising from the attack. Also in December of 2017, but prior to approval of the parties' settlement agreement, Ms. M. filed in the Magistrate Court of Upshur County a "Petition to Have Dogs Euthanized" pursuant to Chapter 19, Article 20D of the West Virginia Code ("Private Cause of Action for Humane Destruction of A Dog"). The petition sought the destruction of the dogs called Harley Quinn and Brazen. The magistrate judge conducted an evidentiary hearing and spared Harley Quinn for lack of evidence that she had attacked the child, but ordered the dog owners to submit Brazen for destruction. The dog owners appealed the order to the Circuit Court of Upshur County. The circuit court conducted a bench trial and ultimately ruled, similarly, that the dog owners must submit Brazen for destruction.

On appeal, the dog owners assign error to the circuit court's order in two respects. They argue, first, that the circuit court erred in failing to find Ms. M.'s petition for the destruction of the dogs precluded by the release of claims executed on behalf of the child or, alternatively, that the release should have been rejected by the court that reviewed it on the basis that the form was

1

inconsistent with that required by West Virginia Code § 44-10-14(f), the statute governing the presentation of release forms in minor settlement proceedings. They argue, second, that there was insufficient evidence upon which the circuit court could find that Brazen's actions—provoked, they say, by the child—were "out of character for a normal dog." Our review is described as follows:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

We begin with the dog owners' first assignment of error, concerning the application of the release of claims to the petition for the destruction of the dogs. Ms. M. filed her petition for the destruction of the dogs on December 18, 2017. Ten days later, on December 28, the child's parents executed the release "of and from all liability for money damages. . . ." The release also provided that the child and her parents were foreclosed from "further additional claims" arising from the dog attack. These are the key exclusionary terms of the release, and we find that neither encompasses Ms. M.'s petition for the destruction of the dogs. The destruction petition did not seek money damages or expenses but instead, by the purpose described in the statute, sought public protection.[1] The destruction petition also cannot be termed a "further" or "additional" claim, inasmuch as it was pending at the time the release was executed, and not particularly identified in that document. The dog owners have identified no provision of the settlement agreement that would have required Ms. M. to withdraw the destruction petition.

The dog owners argue that if the release does not preclude Ms. M.'s pursuit of Brazen's destruction (as we have found), then the release is deficient under the terms of West Virginia Code § 44-10-14, which governs the procedure for the settlement of claims involving minors. Consistent with the requirements of that statute, the settlement of the child's claims was submitted for circuit court approval more than two years ago, and subsequently approved by final order of the court. Evaluating a similar scenario under our now-repealed statute governing the settlement of lawsuits involving minors, West Virginia Code § 56-10-4, we held that "[w]hen a court approves a settlement by entry of a judgment order . . . said judgment, left unappealed, becomes final and subject to the consequences of the doctrine of res judicata." Syl. Pt. 1, *Hustead on Behalf of Adkins v. Ashland Oil, Inc.*, 197 W. Va. 55, 475 S.E.2d 55 (1996). As such, and having been presented no extraordinary justification to do so, the Court will not entertain the dog owners' collateral attack on the final order that approved the settlement of the child's claims.

---

[1] Important to this evaluation, Ms. M. did not request, and the circuit court did not award, attorney's fees, as it might have done under West Virginia Code § 19-20D-2. The release executed by the child's parents specifically encompassed claims for attorney's fees.

2

In their second assignment of error, the dog owners argue that the circuit court erred in finding a lack of provocation by the child. Pursuant to West Virginia Code § 19-20D-2(a)(3), destruction of a dog is disallowed if the person petitioning for destruction provoked the attack. Witness testimony established that Harley Quinn and Brazen charged from a room in which they had been confined, and that Harley Quinn bumped the child and knocked her to the floor. The child reacted fearfully, and the dog owners argue that the child "provoked" the dogs by kicking and screaming. While the child's behavior may be regarded as a stimulation of Brazen's passions, we find it unreasonable to characterize the child's common and unintentional reaction to fear—particularly where, as here, she was afraid not only based on the presence of the dogs, but also upon their physical domination in knocking her down—as provocative. The child behaved as any young child might. Brazen's responsive actions, however, were disproportionate and dangerous, resulting in significant harm. The circuit court, therefore, did not err.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3